PER CURIAM*
This is a suit in tort resulting from a trespass committed by Defendant in excavating a ditch along the line separating the properties of Defendant and Plaintiff, in consequence of which Defendant’s agent encroached upon the property of Plaintiff. Defendant answered, maintaining the work was done by W. E. Chitty as an independent contractor and that Defendant was not responsible for the alleged tort committed by Chitty, the independent contractor. For written reasons assigned, the Trial Judge rejected the demands of Plaintiff, concluding Chitty was an independent contractor and if not performing in that capacity but as an agent of Defendant, Chitty’s action in excavating the ditch was beyond the scope of his authority and Defendant was not liable therefor. From this judgment Plaintiff appealed.
The evidence reflects Defendant obtained permission of the Police Jury to close a portion of Old Jim Bayou, which ran in part diagonally across property owned by a Mr. Shepard and across a portion of Defendant’s property, and substitute therefor a drainage ditch to be built at Defendant’s cost. No permission was obtained from Plaintiff to encroach upon his land to construct the ditch. Defendant contended he marked out a line for the ditch which would place same not closer than 2i/£ feet to the eastern boundary of Plaintiff’s property but that contrary to his instructions Chitty encroached upon the land of Plaintiff and excavated therefrom.
It was stipulated by counsel that the ditch extending between the line dividing Plaintiff’s and adjoining properties is approxi *680 mately 5j/¿ feet deep and the said ditch encroaches upon the property of Plaintiff on the east side 3 feet for a distance of 22 feet the full depth of said ditch, and encroaches upon the property of Plaintiff on the southeast corner a distance of 10 feet for an encroachment of 6 feet on the top, tapering to the property line at the bottom.
Though Defendant maintains the action of Chitty in excavating portions of Plaintiff’s property was contrary to his instructions and without his approval, this defense is unavailable to Defendant for without question Chitty was his agent and was performing work in furtherance of his principal's interest, in consequence of which Defendant is responsible for the action of his agent. Oglesby v. Town of Winnfield, La.App., 27 So.2d 137. Furthermore, the evidence reflects Defendant paid Chitty for the work done by him subsequent to the completion of the undertaking, without protesting the agent’s violation of any authority to perform the excavation in the manner in which it was done, and certainly this must be regarded as a condonation of the agent’s action. Accordingly, we are of the opinion Defendant is liable for the damages sustained by Plaintiff because of the trespass committed by Defendant through his agent, Chitty.
We come now to the question of quantum. Plaintiff seeks the sum of $10,000.00, itemized as follows:
■“a. Costs of repair to damaged portions of said property $ 2000.00
"b. Disturbance of possessions and loss of use 2000.00
“c. Mental anguish, worry, annoyance and inconvenience 2000.00
“d. Depreciation and loss of value caused by the construction of said canal adjacent to petitioner’s property 2000.00
“e. Cost of future damages caused by the caving in of the eastern side of petitioner’s property into said canal 2000.00
TOTAL $10000.00”
In connection with this claim he offered the testimony of an appraiser who related he valued the property at $2,000.00 as is, but that were it not for the ditch his opinion was the value of the property would be approximately $4,500.00 to $5,000.00. In the course of digging the ditch the roots of an oak tree standing near Plaintiff’s property were exposed, and it was his opinion such constituted a hazard and that eventually the tree would fall. However, he admitted he was not expressing an expert opinion as he was not qualified to do so. His opinion also was that water standing in the ditch dug constituted a health hazard and a safety hazard in case someone had small children living on the premises. Defendant had permission of the Police Jury to construct the ditch in the manner in which it was done. The valuation of $4,500.00 to $5,000.00 placed on the lot by the appraiser was not made by taking into consideration any value of comparable property, and is therefore purely speculative. On cross-examination the Plaintiff himself conceded the lot was purchased for $2,500.00 in 1958 at a time when, by his own admission, market values were high in Ascension Parish, and he conceded on the date of the trial of the case in 1962 the value of the property had decreased. Giving consideration to all of the evidence, we are of the opinion that an award to Plaintiff of $1,000.-00 will adequately compensate him for the damages he sustained as a result of the trespass committed by Defendant’s agent on Plaintiff’s property.
For these reasons the judgment of the District Court is reversed, and judgment is now rendered in favor of Plaintiff, Clarence *681 J. Braud, and against Defendant, Irven Theriot, in the full sum of $1,000.00, together with legal interest from date of judicial demand until paid, and all costs of Court.
Reversed and rendered.

 This opinion was written by HERGET, J., now deceased, and concurred in by the remaining members of the court, ELLIS, LOTTINGER, LANDRY and REID, JJ.